**IN THE COURT OF APPEALS OF IOWA**

No. 15-1389
Filed October 14, 2015

**IN THE INTEREST OF N.M. AND A.F.,**
**Minor Children,**

**J.M., Mother,**
**Appellant.**
_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals a juvenile court modification-of-dispositional order. **AFFIRMED.**

Zachary D. Crowdes, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Lance Heeren, Assistant County Attorney, for appellee State.

Amy R. Dollash of the State Public Defender's Office, Cedar Rapids, for appellee father.

Kimberly Opatz of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered By Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals a juvenile court modification-of-disposition order removing her two children from her custody and placing them with the Department of Human Services. She contends "the State has not met its burden of proof regarding modification."

Iowa Code section 232.103(4) authorizes modification of a dispositional order for several reasons, including when "[t]he purposes of the order cannot reasonably be accomplished." Iowa Code § 232.103(4)(b) (2015). Additionally, this court has required proof of "a material and substantial change in circumstances." *See In re Leehey*, 317 N.W.2d 513, 516 (Iowa Ct. App. 1982).

Our de novo review of the record reveals the following facts. The mother and father of the younger child lived together with the mother's two children, born in 2012 and 2013. The department became involved with the family based on the condition of the home and concerns the father was abusing the mother. The department issued a founded child abuse report based on the condition of the home.

The State filed a child-in-need-of assistance petition but, initially, did not seek removal of the children from the mother's custody. The mother stipulated to having the children adjudicated in need of assistance. The juvenile court declined to remove the children from the mother's custody, pending disposition.[1]

At the time of disposition, the court expressed concern "regarding the ongoing health, safety and welfare of these children" but allowed the children to continue in the care of their mother, subject to placement in protective daycare

---

[1] The children's fathers are not a subject of this appeal.

as directed by the department. The court further ordered the mother to obtain a mental health evaluation.

A little over one week after the dispositional order was entered, the department learned that the mother had failed to take the younger child to the day care provider for five of the previous six week days and failed to take the older child to the center for three of the six preceding week days. The provider stated the children would be discharged from the facility due to lack of attendance.

The following day, the department worker and a service provider went to the mother's home. According to the department employee, the home was "messy," with roaches on the floor and walls, the older child was "very dirty," and a pocket knife lay within reach of the young child. The employee highlighted the mother's obligations under the order.

A new daycare provider was retained. Within two weeks, the provider reported concerns with the cleanliness of the children, the mother's failure to provide diapers, and a flaring up of the younger child's eczema.

In the interim, the younger child's father assaulted the mother. Although a no contact order was issued, the father repeatedly violated the order on his release from jail. Fearing for her safety, the mother moved herself and the children to a domestic violence shelter.

At a hearing on the State's motion to modify the disposition, a service provider testified to the mother's "lack of follow-through with services." She noted the children "were not attending day care the way that they were expected to," there were safety concerns in the home, and the mother had yet to obtain

permanent housing. While she acknowledged she had no concerns about drug or alcohol abuse by the mother and she agreed the mother was working with the shelter to obtain long-term housing, she opined the children could not remain in the mother's care without risk to their health and safety.

The department case manager seconded this view. She too acknowledged the mother's partial compliance with the juvenile court's order, including her participation in a mental health evaluation.[2] She nonetheless opined that the mother was less invested in services than she had been prior to entry of the dispositional order.

We conclude the mother's non-compliance with the directive to place the children in protective daycare as well as the deteriorating conditions in her home amount to material and substantial changes of circumstances justifying modification of the dispositional order. Although the young mother commendably sought safety from domestic abuse and took steps to secure independent housing, her neglect of the children's daily needs justified removal. As the juvenile court stated,

> I don't like doing this removal, because I do think that you are doing some of the right things right now in terms of seeking shelter and trying to move forward with your life, however, . . . I cannot say that . . . [the children] can be safe in your care at this time."

---

[2] The case manager refused to give the mother credit for moving to a domestic violence shelter of her own accord and, indeed, criticized her for declining to remain in the home, notwithstanding the father's repeated violations of the no contact order. Given the mother's very real fear of the father, as recounted to the psychologist who evaluated her, we discount the case manager's reliance on her move as a basis for seeking modification of the dispositional order.

The juvenile court held out hope the mother would get "things . . . turned around . . . in a hurry." To her credit, the mother stated she understood this admonition.

We affirm the juvenile court's modification of the dispositional order.

**AFFIRMED.**